UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 11-01278 |
|---|---|
| JULIE DIANE JACKOLA, | Chapter 13 |
| Debtor. | Re: Docket No. 8 |

## MEMORANDUM OF DECISION ON
## MOTION TO EXTEND AUTOMATIC STAY

This decision concerns whether the debtor is entitled to an extension of the automatic stay in this case, her second case pending in the last year, and, if the stay is not extended, to what extent the stay is terminated.

Julie Jackola filed a chapter 13 petition on January 25, 2010. Her primary purpose was to avoid foreclosure on a condominium unit in a project called Kaopa Park Place. The order confirming her plan was entered on May 13, 2010. She fell behind on her plan payments and, on October 5, 2010, the trustee moved to dismiss her case. The association of apartment owners of Kaopa Park Place supported the motion because Ms. Jackola had not made any post-petition payments to the association as her plan required. The hearing on the trustee's motion was continued several times in the hope that Ms. Jackola could bring her obligations current, but she failed to do so and the case was dismissed on

December 12, 2010.

Ms. Jackola successfully moved for reconsideration of the dismissal because she cured her defaults in making plan payments shortly after the order was entered. She did not, however, cure her defaults to the association, so the association moved for relief from the automatic stay. Ms. Jackola did not oppose that motion and the court granted it on January 31, 2011.

Ms. Jackola again fell into default on her plan payments, the trustee filed another motion to dismiss, and the case was dismissed on April 1, 2011.

On May 5, 2011, Ms. Jackola filed a new chapter 13 petition. Shortly thereafter, she filed a motion to extend the automatic stay. She says that she allowed her first case to be dismissed because she had obtained two commitments to lend her enough money to resolve her financial problems, but that both commitments fell through (for reasons that she does not explain). She says that she filed her new case intending to confirm a plan that would pay her creditors in full.

The association opposes the motion. The association points out that Ms. Jackola owes maintenance fees dating back several years, that she did not pay maintenance fees during her first case, and did not make any payment between her two cases.

U.S. Bankruptcy Court - Hawaii   #11-01278   Dkt # 33   Filed  06/22/11   Page 2 of 7

At the initial hearing on the motion, I provisionally granted the motion. I directed the debtor to pay timely the maintenance fee that was due on June 13, 2011, and set a further hearing on June 20, 2011.

The debtor paid the June maintenance fee a few days late. She also did not pay the first monthly payment under her proposed plan.

This motion requires me to apply the muddy language of 11 U.S.C. § 362(c)(3):

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> >
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

3

U.S. Bankruptcy Court - Hawaii   #11-01278   Dkt # 33   Filed  06/22/11   Page 3 of 7

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

   (i) as to all creditors, if--

   (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

   (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

   (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

   (bb) provide adequate protection as ordered by the court; or

   (cc) perform the terms of a plan confirmed by the court; or

   (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later

4

>>> case will be concluded--

>>>> (aa) if a case under chapter 7, with a discharge; or

>>>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

>>> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor . . . .

This section applies to this case because Ms. Jackola is an individual, her first case was dismissed (but not under section 707(b)), and her first case was pending within one year prior to the filing of this case. The stay thus expires thirty days after the commencement of this case unless a "party in interest [Ms. Jackola, the debtor] demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . . ."

Section 362(c)(3)(C) creates a presumption of a lack of good faith if certain conditions exist. One of these conditions is the dismissal of the prior case due to the debtor's failure to perform a confirmed plan. 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc). This is exactly why Ms. Jackola's first case was dismissed. Another is the fact that the debtor's financial circumstances have not

5

substantially changed in a way that will permit the debtor to confirm and perform a plan. 11 U.S.C. § 362(c)(3)(C)(i)(III). Ms. Jackola has offered no evidence of such a change. Therefore, Ms. Jackola bears the burden of proving her good faith by clear and convincing evidence.

Section 362(c)(3)(C) does not define "good faith." The Bankruptcy Code uses that phrase in many sections, but it is not clear that the phrase means exactly the same thing everywhere it appears or which meaning applies to this section. I hold that "good faith" depends upon the totality of the circumstances, <u>In re Castaneda</u>, 342 B.R. 90, 96-97 (Bankr. S.D. Ca. 2006), and that probably the most important indicia of good faith is a realistic prospect of success in the second case, contrary to the failure of the first case, <u>In re Elliott-Cook</u>, 357 B.R. 811, 815-16 (Bankr. N.D. Cal. 2006).

Ms. Jackola has not carried her burden of showing that her filing was in good faith. She has been unable to stay current on her maintenance fees for several years. There is no evidence to show that her situation has improved or stabilized. She has no realistic hope of confirming or carrying out her plan.

The final question is the extent to which the stay terminates. Most courts hold that, because the section provides that the stay "terminate[s] with respect to the debtor" when the thirty day period runs, the stay does <u>not</u> terminate with

6

U.S. Bankruptcy Court - Hawaii   #11-01278   Dkt # 33   Filed 06/22/11   Page 6 of 7

respect to property of the estate. These courts reason that section 362(a), which creates the automatic stay, carefully distinguishes between the "debtor," "property of the debtor," and "property of the estate." Sections 362(a)(1), (6), (7), and (8) protect the "debtor," section 362(a)(5) protects "property of the debtor," and sections 362(a)(2), (3), and (4) protect "property of the estate." When it enacted section 362(c)(3), the argument runs, Congress chose to terminate the stay as to the "debtor," so the stay does not terminate as to "property of the estate." A minority of courts reach the opposite result, holding that the stay terminates in its entirety after the thirty days runs. The Bankruptcy Appellate Panel of this circuit has recently endorsed the minority view. In re Reswick, 446 B.R. 362, 367-73 (B.A.P. 9th Cir. 2011). Although both the majority and the minority views have much to recommend them, and the stare decisis effect of Bankruptcy Appellate Panel decisions remains in dispute, In re Rinard, 2011 WL 1760281, *7 (Bankr. C.D. Cal. May 9, 2011), I choose to follow Reswick.

The debtor's motion to extend the automatic stay is DENIED. Counsel for the association shall submit an order.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 06/22/2011